Andre L. Verdun (SBN 265436)
**Law Office of Andre L. Verdun**
590 W. Main St. #108
Santa Paula, CA 93060
Tel. (866) 880-4732
Fax. (866) 804-0051
service@verdunlaw.com

Attorney for Plaintiff,
Hailey Hernandez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

**HAILEY HERNANDEZ, an individual**

Plaintiff,

vs.

**MANDARICH LAW GROUP, LLP; and LVNV FUNDING LLC**

Defendants.

Case #: **8:26-cv-03139**

(Civil Action)

**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(a)(2)**

**DEMAND FOR JURY TRIAL**

THE LAW OFFICES OF: ANDRE L. VERDUN

Plaintiff Hailey Hernandez ("Hernandez") alleges as follows:

## I. INTRODUCTION

1. Federal law forbids a debt collector that knows a consumer has a lawyer on a debt from communicating with the consumer about that debt. (15 U.S.C. § 1692c(a)(2).)

2. Defendant LVNV Funding LLC ("LVNV") is suing Hernandez in the Orange County Superior Court to collect an alleged credit-card debt. Defendant Mandarich Law Group, LLP ("Mandarich") is LVNV's collection law firm in that case. Hernandez has been represented by counsel in that case since January 2026, and Mandarich knew it: Mandarich had been served with papers naming Hernandez's counsel, and on October 7 and 12, 2026, a Mandarich attorney emailed and telephoned Hernandez's counsel about the case. On October 12, 2026, Mandarich mailed a paper asking the court to enter judgment against Hernandez and to award LVNV its attorney's fees directly to Hernandez at home. Mandarich did not serve Hernandez's counsel.

3. Hernandez brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), for actual damages, statutory damages, and attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under 15 U.S.C. § 1692k(d).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred here. The communication at issue was mailed to and received by Hernandez at Hernandez's home in Anaheim, Orange County, California, and concerns a collection lawsuit pending in the Orange County Superior Court.

## III. PARTIES

THE LAW OFFICES OF: ANDRE L. VERDUN

6. Hernandez is a natural person residing in Anaheim, Orange County, California. Hernandez is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), because LVNV alleges that Hernandez is obligated to pay a debt.

7. Mandarich is a limited liability partnership and law firm. Hernandez is informed and believes, and on that basis alleges, that Mandarich maintains offices in Chicago, Illinois, and Woodland Hills, California, and regularly collects and attempts to collect consumer debts owed or asserted to be owed to others, including by filing and prosecuting collection lawsuits in California courts on behalf of debt buyers such as LVNV. Mandarich identifies itself on the papers it serves as holding "California Debt Collector License Number 10795-99," and its emails state: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT." Mandarich is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. LVNV is a limited liability company. Hernandez is informed and believes, and on that basis alleges, that LVNV's business consists of purchasing charged-off consumer debts originally owed to others and collecting them, including through lawsuits filed in California courts, and that the principal purpose of LVNV's business is the collection of debts. LVNV is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Hernandez is informed and believes, and on that basis alleges, that at all relevant times Mandarich acted as LVNV's attorney and agent in collecting the debt described below, within the course and scope of that agency and with LVNV's authorization.

## IV. FACTUAL ALLEGATIONS

### A. <u>The Collection Action and Hernandez's Counsel</u>

10. On August 8, 2025, LVNV, represented by Mandarich, filed a lawsuit against Hernandez in the Superior Court of California, County of Orange, *LVNV Funding LLC v. Hernandez*, Case No. 30-2025-01502568-CL-CL-CJC (the

"Collection Action"), to collect an alleged consumer credit account (the "Account"). LVNV alleges that Hernandez owes money on the Account. Hernandez denies owing it. Hernandez is informed and believes, and on that basis alleges, that the Account was a consumer credit account used primarily for personal, family, or household purposes, and that the obligation LVNV seeks to collect is a "debt" within the meaning of 15 U.S.C. § 1692a(5) (the "Debt").

11. On January 26, 2026, Hernandez, through attorney Andre L. Verdun, filed an answer to LVNV's complaint and a cross-complaint in the Collection Action. The first page of each paper states counsel's name, State Bar number, office address, telephone and fax numbers, and email address, and identifies counsel as attorney for Hernandez.

12. Hernandez's answer was served electronically on Mandarich, as LVNV's counsel of record, on January 23, 2026, and Hernandez's cross-complaint was served electronically on Mandarich no later than October 7, 2026. Attorney Verdun has been Hernandez's counsel of record in the Collection Action continuously since January 2026, and has never consented to any defendant communicating with Hernandez directly.

13. On or about September 18, 2026, Hernandez's counsel served Mandarich with written notice of intent to request entry of LVNV's default on the cross-complaint. On October 7, 2026, Martin Weingarten, an attorney at Mandarich, emailed Hernandez's counsel asking to discuss the Collection Action. On October 12, 2026, Weingarten emailed counsel again, spoke with counsel by telephone, and then emailed counsel a third time, addressing counsel as "Counsel" and stating: "We do need to meet and confer regarding your frivolous filing of a cross complaint. We will be seeking attorney fees." Each of Weingarten's emails stated: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT." Counsel responded to Weingarten in writing on October

THE LAW OFFICES OF: ANDRE L. VERDUN

12, 2026, and told Weingarten not to contact counsel's office further unless Mandarich was serving legal documents.

**B. The October 12, 2026 Mailing**

14. On October 8, 2026, Weingarten signed, on LVNV's behalf, a paper titled "Cross-Defendant LVNV Funding LLC's Answer to Cross-Complaint of Hailey Hernandez" (the "Answer"). The Answer denies that LVNV is liable to Hernandez. It alleges that Hernandez had been "disputing obligations without good-faith basis" relating to "the subject account." It prays that Hernandez take nothing, that "judgment be entered against Cross-Complainant and in favor of Cross-Defendant," and that LVNV "be awarded their costs" and "attorneys' fees as permitted by law."

15. On October 12, 2026, the same day Weingarten emailed and spoke with Hernandez's counsel, Mandarich mailed the Answer by first-class mail directly to Hernandez at Hernandez's home in Anaheim, California. The proof of service that accompanied the Answer identifies Hernandez as the only person served. Mandarich did not serve the Answer on Hernandez's counsel.

16. Hernandez is informed and believes, and on that basis alleges, that at or about the same time, Defendants, or someone acting on their behalf, also mailed Hernandez a separate paper stating that Hernandez owed approximately $3,000, including attorney's fees.

17. When Mandarich mailed the Answer to Hernandez, each Defendant knew that Hernandez was represented by an attorney with respect to the Debt and knew the attorney's name and address. Hernandez's counsel had not consented to direct communication with Hernandez and had not failed to respond to any communication from Defendants. No court had given Defendants permission to communicate with Hernandez directly.

18. No statute or rule of court required or permitted service of the Answer on Hernandez personally. Under California law, because Hernandez had an attorney



THE LAW OFFICES OF: ANDRE L. VERDUN

THE LAW OFFICES OF: ANDRE L. VERDUN

in the Collection Action, the Answer was required to be served "upon the attorney instead of the party." (Cal. Code Civ. Proc. § 1015.)

### C. <u>Hernandez's Injuries</u>

19. Shortly after October 12, 2026, Hernandez received the Answer at home. Hernandez is not a lawyer and did not understand the Answer. It bore the caption of the Superior Court and Hernandez's name, and it asked the court to enter judgment against Hernandez and to award LVNV its attorney's fees. Together with the demand for approximately $3,000 described in paragraph 16, it led Hernandez to believe that Hernandez was being sued a second time, that a court had already ruled against Hernandez, and that Hernandez already owed LVNV that money.

20. Hernandez panicked. For three days Hernandez was unable to reach Hernandez's attorney, and for those three days Hernandez suffered severe emotional distress, including fear, anxiety, and panic over the belief that Hernandez was being sued again and already owed LVNV money.

21. The mailing intruded into Hernandez's home and private affairs with the very contact the FDCPA forbids, and took from Hernandez the protection the law gives a represented consumer: that a debt collector deal with the consumer's lawyer, who can explain what a paper means, and not with the consumer. Hernandez's distress was the natural and foreseeable result of the mailing.

22. As a proximate result of Defendants' conduct, Hernandez suffered actual damages, including severe emotional distress, in an amount to be proven at trial.

## V. CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2)

### (Against All Defendants)

23. Hernandez incorporates paragraphs 1 through 22.

24. Hernandez is a "consumer" (15 U.S.C. § 1692a(3)). The Debt is a "debt" (15 U.S.C. § 1692a(5)). Mandarich and LVNV are each a "debt collector" (15 U.S.C. § 1692a(6)).

25. The Answer conveyed information regarding the Debt, including LVNV's position that Hernandez's challenge to the Debt lacked a good-faith basis and LVNV's demand for judgment, costs, and attorney's fees against Hernandez. The Answer was a "communication" within the meaning of 15 U.S.C. § 1692a(2).

26. Mandarich mailed the Answer in connection with the collection of the Debt. The Answer was served in LVNV's own action to collect the Debt from Hernandez, which LVNV continues to prosecute, and it sought a judgment, costs, and attorney's fees against Hernandez. Mandarich's October 2026 emails to Hernandez's counsel, including the October 12, 2026 email about the same cross-complaint, each declared that it was "AN ATTEMPT TO COLLECT A DEBT."

27. By mailing the Answer to Hernandez when they knew Hernandez was represented by an attorney with respect to the Debt and knew the attorney's name and address, without the attorney's consent or the express permission of a court, and when the attorney had not failed to respond to any communication, Defendants communicated with a consumer in connection with the collection of a debt, in violation of 15 U.S.C. § 1692c(a)(2).

28. LVNV is liable for the violation because the Answer was LVNV's own paper, served on LVNV's behalf, and because Mandarich acted as LVNV's agent in collecting the Debt.

29. Under 15 U.S.C. § 1692k(a), Hernandez is entitled to recover actual damages, additional damages of up to $1,000, and the costs of the action together with a reasonable attorney's fee.

30. This action is brought within one year from the date on which the violation occurred. (15 U.S.C. § 1692k(d).)

## VI. PRAYER FOR RELIEF

WHEREFORE, Hernandez prays for judgment against Defendants, and each of them, as follows:

THE LAW OFFICES OF: ANDRE L. VERDUN

1. For actual damages, including damages for emotional distress, according to proof;
2. For additional damages of up to $1,000 under 15 U.S.C. § 1692k(a)(2)(A);
3. For the costs of the action and a reasonable attorney's fee under 15 U.S.C. § 1692k(a)(3); and
4. For such other relief as the Court deems just and proper.

Dated: October 23, 2026

**LAW OFFICE OF ANDRE L. VERDUN**

*/s/ Andre L. Verdun*
Andre L. Verdun
Attorney for Plaintiff
HAILEY HERNANDEZ

**DEMAND FOR JURY TRIAL**

Plaintiff Hailey Hernandez demands a trial by jury on all issues so triable.

Dated: October 23, 2026

**LAW OFFICE OF ANDRE L. VERDUN**

*/s/ Andre L. Verdun*
Andre L. Verdun
Attorney for Plaintiff
HAILEY HERNANDEZ